690 A.2d 291

**Judy LEWIS and William Lewis, Husband and Wife, Appellee,**

v.

**Alvira E. EVANS, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 17, 1996.

Filed Feb. 27, 1997.

Sean O'Connell, Warrendale, for appellant.

Joseph M. Lewis, New Brighton, for appellees.

Before DEL SOLE, POPOVICH and HESTER, JJ.

DEL SOLE, Judge:

This is an appeal from an order granting Appellees' (Mr. and Mrs. Lewis) request for a new trial, limited to the issue of

damages. The Appellees brought their action to recover for damages alleged to have been suffered as a result of a motor vehicle accident in which a vehicle operated by, Appellee, Judith Lewis collided at an intersection with a vehicle driven by Appellant. In response to interrogatories, the jury found that Appellant was negligent and that her negligence was a substantial factor in bringing about plaintiffs' harm. Mrs. Lewis was found to have been contributorily negligent, but her contributory negligence was not found to be a substantial factor in bringing about her harm. The jury further found that Mr. and Mrs. Lewis sustained zero damages. The trial court ruled that the verdict was against the weight of the evidence because the evidence clearly indicated that Mrs. Lewis suffered some injury which resulted in a loss for which some measure of damages should have been awarded. Accordingly, a new trial, limited to the issue of damages, was ordered. This appeal followed.

■ Appellant presents four issues for our review. The first two concern claimed procedural irregularities, which Appellant asserts mandate a finding of waiver. Initially Appellant argues that the trial court should not have considered the request for a new trial based upon a weight of the evidence claim where the Appellees failed to object at the time the verdict was rendered. In support of her claim Appellant cites to *Picca v. Kriner*, 435 Pa.Super. 297, 645 A.2d 868 (1994), and *Curran v. Greate Bay Hotel and Casino*, 434 Pa.Super. 368, 643 A.2d 687 (1994). While these cases do stand for the proposition that any objections to a jury verdict must be raised before the jury is discharged, they are inapplicable in this case. There was no claim in this case that the verdict was inconsistent, irrational, or problematic. The verdict rendered in this case was not incapable of being understood, rather it was found to be against the weight of the evidence produced at trial. Accordingly, *Picca* and *Curran* are inapplicable under the facts of this case and there was no error in the court's entertaining of Appellees' request for a new trial on the grounds that the verdict was against the weight of the

evidence. *See Fillmore v. Hill,* 445 Pa.Super. 324, 665 A.2d 514 (1995).

■ Appellant also claims that the court erred by considering grounds for a new trial which were filed beyond the ten day time period requirement of Pa.R.C.P. 227.1. As to this claim, the trial court noted that Appellees filed a timely post-trial motion which was supplemented by other claims five days later. The trial court remarked that Appellant would suffer no prejudice with the court's consideration of these matters and that therefore it was not prohibited from considering these claims.

We can find no abuse of discretion in this ruling. Rule 126, Pa.R.C.P. permits a court to liberally construe the rules and permits it to disregard any error of procedure which does not affect the substantial rights of a party. In this case there were timely filed post-trial motions followed a few days later by a supplemental motion. Since, as the trial court noted, Appellant would suffer no prejudice by the court's consideration of this supplemental motion, we find no merit to this claim. See *Millard v. Nagle,* 402 Pa.Super. 376, 587 A.2d 10 (1991), affirmed 533 Pa. 410, 625 A.2d 641 (1993).

Appellant next asks whether the court erred when it reversed the jury's finding that Appellees had not suffered a compensable injury. Appellant notes that the jury heard conflicting opinions with respect to Judith Lewis' physical condition after the accident, and that just because the jury found that Appellant was negligent, they could have concluded that Judith Lewis suffered from only insignificant injuries which were not compensable.

In this case, however, both plaintiff and defense experts agreed as to injury and causation. While the extent of the injury was contested, both experts indicated that Mrs. Lewis suffered a back strain/sprain. In reviewing the testimony presented, the trial court concluded that it demonstrated that Mrs. Lewis suffered some loss for which some amount of damages should have been awarded.

In reviewing a trial court's grant of a motion for new trial it must be determined whether the trial court clearly and palpably abused its discretion or committed an error of law. *Thompson v. City of Philadelphia,* 507 Pa. 592, 493 A.2d 669 (1985). If support for the decision of the trial court is found in the record, the order must be affirmed. *Stevenson v. General Motors Corp.,* 513 Pa. 411, 521 A.2d 413 (1987). In this case there is support for the court's decision found in the testimony of the experts. There was no indication that Mrs. Lewis suffered only an insignificant injury. Rather both agreed that she suffered at least some type of back sprain or strain, which common sense would dictate would be the source of some pain and discomfort. Accordingly, we find no reason to disturb the court's ruling.

Appellant's final claim is that the court wrongly awarded a new trial where the issue of Appellant's negligence and/or the contributory negligence of Appellee is in dispute. Appellant reasons that since liability remains contested, it was an error to award a new trial for damages alone. This argument must fail, however, based solely on the responses given by the jury. The jury found that Appellant was negligent and that her negligence was a substantial factor in bringing about the plaintiff's harm. Although Mrs. Lewis was found to be contributorily negligence, the jury specifically found that her negligence was not a substantial factor. Thus, liability has been resolved and does not remain an issue. The jury clearly determined that Appellant was solely responsible for Mrs. Lewis' injuries. Accordingly, a remand for a new trial only on the issue of damages was not in error.

Order affirmed.