**Carleo v. Kaufman**

C.P. of Montgomery County, no. 96-06692.

*Daniel E. Kleiner,* for plaintiffs.
*Colin Hannings* and *Robert J. LaRocca,* for defendant.

BROWN, *S.J.,* February 15, 2000—On September 15, 1995, plaintiff, Anthony A. Carleo, was operating a vehicle that was struck in the rear by an automobile operated by the defendant, Nechama Kaufman. Negligence was admitted. The case was tried before the undersigned and a jury on April 14, 15 and 16, 1999. The jury found that the defendant's negligence was a substantial factor in bringing about harm to the plaintiff, and awarded a verdict in the amount of $464, the stipulated amount of plaintiff's lost income.

On April 26, 1999, plaintiff filed a motion for post-trial relief, seeking a new trial on the issue of damages only. On November 17, 1999, we granted the motion and awarded a new trial of all issues. Defendant appealed.

Mr. Carleo testified about pain and numbness immediately after the accident. When he returned to work, he was unable to perform his job for more than an hour due to pain in his neck and lower back. He suffered a foot-

ball injury while in high school. His treatment ended before the accident. He changed employment from cook to prison guard because the new job was not as physically demanding.

The plaintiff offered the expert testimony of Randall M. Smith M.D., a board certified orthopedic surgeon. Dr. Smith testified that he found objective signs of injury in Mr. Carleo's left shoulder and neck. He performed tests to see if Mr. Carleo was exaggerating or magnifying his symptoms, and concluded he was not. (Smith video deposition at 17-19.) An MRI performed on January 22, 1998, and reviewed by Dr. Smith, included a finding at the C6-C7 level consistent with muscle spasms. (Smith video deposition at 25-26.) Dr. Smith testified that Mr. Carleo's football injury had resolved, except that it made him more susceptible to injury from this accident. (Smith video deposition at 22-23, 34, 96.)

Defendant's expert, Leonard Klinghoffer M.D., testified that Mr. Carleo sprained his neck and low back in the accident. (Klinghoffer video deposition at 27.) It was Dr. Klinghoffer's opinion that by the time of the examination he conducted in April 1997, Mr. Carleo's injuries had resolved. (Klinghoffer video deposition at 29.) He did not offer an opinion about when that happened (Klinghoffer video deposition at 31), but testified that the plaintiff had physical problems from his sprains for a period between a few weeks to five months after the accident. (Klinghoffer video deposition at 40.)

Defendant's brief in opposition to plaintiffs' motion for post-trial relief points to portions of Mr. Carleo's testimony which could lead a jury to conclude he did not suffer pain. Defendant asks for judgment n.o.v. She ig-

nores evidence from which a jury could find that the plaintiff was in pain. When his vehicle was struck from behind, he was dizzy, got out, but had to sit down. He was feeling some pain in his arms and both his legs. (N.T. trial 4/14/99 at 13.) He reported pain in his neck and shoulders at Warminster General Hospital, where he was taken immediately after the accident. (N.T. trial 4/14/99 at 15.) He suffered considerable pain, which caused sleeplessness for a week to a week and a half after the accident. (N.T. trial 4/14/99 at 16-17.) After physical therapy, he felt better, but still had bouts of pain when he stayed in the same position. (N.T. trial 4/14/99 at 20-21.) Thereafter, he continued to suffer from variable pain, headaches and nausea. He continues to live with those problems. (N.T. trial 4/14/99 at 25, 30-32.)

Defendant's brief also refers to plaintiff's testimony that he was not wearing his glasses at the time of the accident because he left work with a headache. Plaintiff had 20-40 vision, and a slight astigmatism in his left eye. (N.T. trial 4/14/99 at 38.) Defendant does not explain what this has to do with his argument, and we fail to see its significance in the context of an accident in which plaintiff's vehicle was struck from the rear by defendant's, and where liability was admitted. Defendant also argues that the impact between the vehicles was slight. This is not a basis for the grant of judgment n.o.v. sought by defendant.

Finally, defendant does not refer to the medical testimony at all in his brief. Even defendant's expert conceded that plaintiff suffered harm in this accident, and questioned only its duration. (Klinghoffer video deposition at 27, 29, 31 and 40.)

A new trial may be granted because of the inadequacy of the verdict when the court's conscience is shocked, or the verdict is so disproportionate to the uncontested evidence as to defy logic and common sense. The court's decision to grant a new trial because of the inadequacy of the verdict may be reversed only for a gross abuse of discretion. *Neison v. Hines,* 539 Pa. 516, 653 A.2d 634 (1995); *Lewis v. Evans,* 456 Pa. Super. 285, 690 A.2d 291 (1997).

In *Neison v. Hines,* 539 Pa. 516, 653 A.2d 634 (1995), the plaintiff was injured in a motor vehicle accident, suffered soft tissue injuries, strain and sprain, and was treated at a hospital. The defense asserted that the injuries lasted only a brief period of time, not that there were no injuries or pain and suffering at all. The Supreme Court held that a verdict that awarded no damages was properly set aside by the trial court. The court ruled that injuries which obviously cause pain are broken bones, stretched muscles, twists of the skeletal system, and injuries to a nerve or organ. 539 Pa. at 523, 653 A.2d at 638. Since injuries of that nature occurred, and because the defendant's expert admitted that the plaintiff did suffer pain, a decision of the Superior Court reversing the grant of a new trial was reversed.

In *Lewis v. Evans,* 456 Pa. Super. 285, 690 A.2d 291 (1997), plaintiff was injured in an automobile accident. The jury found that defendant was liable, and that the wife-plaintiff-driver was negligent, but that her negligence was not a substantial factor causing her harm. The extent of the injury was contested, but both experts testified that the plaintiff suffered a strain or sprain of her back. Since the findings of the jury resolved the issue of

liability, the award of a new trial limited to damages alone was upheld.

In *Dougherty v. McLaughlin,* 432 Pa. Super. 129, 637 A.2d 1017 (1994), the jury awarded the exact amount of the plaintiff's medical expenses, but nothing for pain and suffering. The court held that because the nature of the injuries indicated at least some pain, the failure to award damages for pain and suffering was inconsistent with the award of medical expenses.

Defendant's brief and concise statement of matters complained of on appeal assert that this case is controlled by *Catalano v. Bujak,* 537 Pa. 155, 642 A.2d 448 (1994). That was a case in which the Supreme Court deferred to the trial judge's exercise of discretion refusing to grant a new trial. Plaintiff, who claimed injuries from hand-cuffs while being arrested by the defendant, did not complain of his injuries to hospital personnel when he was taken for blood alcohol testing. These minor injuries were not of a type which necessarily involves pain, so the trial court's exercise of discretion was upheld.

Defendant's brief also notes the Supreme Court's decision in *Boggavarapu v. Ponist,* 518 Pa. 162, 542 A.2d 516 (1988). There, the Supreme Court reversed the trial court's exercise of discretion in granting a new trial, but did so because the only stated reason was that the trial judge would not have set aside an award for pain and suffering "no matter how small." There was no other explanation for the trial court's decision, and the plaintiff's claim of pain arose only from the tetanus shot that he was given following a dog bite.

In the present case, an injury of the type that ordinarily causes pain was confirmed by medical testimony,

objective tests, an MRI, and the testimony of defendant's examining physician. The only reason plaintiff was unable to work was pain, and the jury awarded damages for lost wages. Our sense of justice was shocked by the jury's award of damages only for lost wages, so we granted a new trial.