**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| CASSANDRA NEWTON, | ) | |
| | ) | |
| Defendant-Below/Appellant | ) | |
| | ) | |
| v. | ) | ID No. 2002005444 |
| | ) | |
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff-Below/Appellee. | ) | |
| | ) | |

Date Submitted: June 20, 2023
Date Decided: August 10, 2023

## ORDER

Upon consideration of the Appellant's Brief Under Supreme Court Rule 26(c)(i) ("Appellant's Brief"), her attorney's Motion to Withdraw as Counsel ("Motion to Withdraw"), the State's response thereto, statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

(1)     On September 14, 2022 and September 15, 2022, Cassandra Newton was tried in the Court of Common Pleas for Resisting Arrest, Disorderly Conduct, and Criminal Trespass Third Degree.[1]  The jury found her guilty of all charges.[2]  On September 15, 2022, Newton was sentenced as follows: for Resisting Arrest, 30 days at Level V to run concurrent to any other Level V time, suspended for 1 year at Level

---

[1] R1-2.
[2] R193.

II, and completion of an anger management class; for Disorderly Conduct, a $75 fine; and for Criminal Trespass Third Degree, a $75 fine.[3]

(2) Newton filed a Notice of Appeal in this Court on September 27, 2022.[4] On April 20, 2023, Newton's trial counsel ("Counsel") filed a brief on Newton's behalf, and a Motion to Withdraw pursuant to Supreme Court Rule 26(c) as authorized under Superior Court Criminal Rule 39(c).[5] In the Motion to Withdraw, Counsel states she has made a conscientious examination of the record and the law and has concluded that there is no merit to an appeal.[6] Counsel mailed copies of the Motion to Withdraw, the draft Appellant's Brief, and the trial transcript to Newton on March 28, 2023, with instructions that Newton could state, in writing, any point she wanted the Court to consider on appeal.[7] In turn, Newton submitted two issues for the Court's consideration, which were incorporated into the Appellant's Brief.[8] The State responded on June 20, 2023, requesting that the Court affirm the judgment of the Court of Common Pleas.[9]

---

[3] R195-96. The 1 year of Level II time was to run concurrently with any other probation Newton was serving.

[4] Notice of Appeal, D.I. 1.

[5] Supr. Ct. R. 26(c) (governing appeals without merit); Super. Ct. Crim. R. 39(c) (applying Supreme Court Rule 26 to appeals heard in Superior Court).

[6] Mot. to Withdraw, D.I. 9.

[7] Appellant's Op. Br. 15.

[8] *Id.*, Ex. B.

[9] State's Answering Br., D.I. 20.

(3)     When addressing appeals from the Court of Common Pleas, the Superior Court sits as an intermediate appellate court.[10]  Its role is to correct errors of law and to review the factual findings of the court below to determine if they are sufficiently supported by the record with substantial evidence.[11]  The standard and scope of review applicable to the consideration of a motion to withdraw and accompanying brief under Rule 26(c) is two-fold.  First, "the Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for claims that arguably could support the appeal."[12]  Second, "the Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation."[13]  Rule 26(c)(iii) provides that once the record is complete, "the Court shall determine, without oral argument, whether the appeal, on its face, is wholly without merit," and "[i]f the Court so determines, [it] may order that the judgment below be affirmed."[14]

(4)     This case arises out of an incident that took place on February 9, 2020, at BJ's Wholesale Club ("BJ's), a wholesale shopping retailer located on Kirkwood

---

[10] *Selby v. State*, 2019 WL 3454087, at *2 (Del. Super. July 31, 2019); *Woodlin v. State*, 2006 WL 1680003, at *1 (Del. Super. Jan. 27, 2006).
[11] *See Woodlin*, 2006 WL 1680003, at *1.
[12] *Deputy v. State*, 718 A.2d 527, 1998 WL 700168, at *1 (Del. Aug. 10, 1998) (TABLE).
[13] *Id.*
[14] Supr. Ct. R. 26(c)(iii).

Highway in Wilmington, Delaware.[15] The evidence at trial demonstrated that an assistant manager asked Newton to leave BJ's because Newton was acting disorderly and did not have a store membership, which is required to shop there.[16] Newton refused to leave, so the assistant manager called the police; at the same time, Newton also called the police.[17] Corporal Snook was dispatched to the store,[18] where he found Newton yelling profanities at the assistant manager upon his arrival.[19] Corporal Snook made multiple attempts to "deescalate" the situation to no avail,[20] and asked Newton to leave several times.[21] She did not.[22] When Corporal Snook attempted to escort Newton out, she grabbed onto a shelf and braced her body.[23] Corporal Snook told Newton she was under arrest and instructed her to put her hands behind her back, but Newton pulled away and ran towards the door.[24] While attempting to flee, Newton fell.[25] While she was on the ground, Corporal Snook restrained her with his knees at her sides and tried to handcuff her.[26] Newton stated she was pregnant and held her wrists out to prevent him from handcuffing her.[27]

---

[15] R20-21.
[16] R25, R34.
[17] R75, R83.
[18] R22-23.
[19] R21.
[20] R24-25.
[21] R24-26.
[22] *Id.*
[23] R26.
[24] R24-R25.
[25] R26-27.
[26] R27.
[27] *Id.*

Once Corporal Snook was able to handcuff Newton and began escorting her out of the store, she hooked her leg around a pole in resistance.[28]  Throughout the ordeal, Newton continued to yell profanities.[29]

(5)    After the State rested and prior to Newton's testimony, Counsel moved for dismissal of the Criminal Trespass Third Degree charge.[30]  The Court denied the motion.[31]  Newton then testified on her own behalf, and recounted the incident differently.  While she admitted that she did not have a valid BJ's membership card and had a "disagreement" with the assistant manager,[32] she testified that she distanced herself from the situation.[33]  Newton testified that when Corporal Snook attempted to escort her out, she told him she was pregnant and high-risk, but Corporal Snook proceeded to throw her on the ground, sit on her stomach, and put his arm across her neck, which scared her.[34]  She testified that she was not told to leave by the assistant manager or Corporal Snook,[35] and "never attempted to run."[36]  The State called Corporal Snook as a rebuttal witness, and upon confirming he heard

---

[28] R28.
[29] R23-25, R27-28.
[30] Counsel argued that because there was no representative from BJ's to testify that Newton was not allowed to be on the property, the State had not met its burden.  R56.
[31] *Id.*
[32] R71-72.
[33] R87.
[34] R90.
[35] *Id.*
[36] R119.

Newton's testimony, surveillance footage showing Newton holding onto a shelf and trying to run away was published to the jury.[37]

(6)     Newton submits the following two issues for the Court's consideration: (1) Counsel was ineffective and (2) there was insufficient evidence to sustain the convictions.[38]  Newton's first claims lacks merit because the Court will not hear a claim of ineffective assistance of counsel raised for the first time on direct appeal.[39]

(7)     Newton's second claim also lacks merit.  As a preliminary matter, "[a] claim of insufficient evidence is reviewable on appeal only if the defendant raised the issue [at] trial."[40]  If the issue was not raised at trial, it is considered waived and will only be excused if the Court "finds that the trial court committed plain error requiring review in the interests of justice."[41]  "Under the plain error standard of review, 'the error complained of must be so clearly prejudicial to substantial rights as to jeopardize the very fairness and integrity of the trial.'"[42]  "[P]lain error is limited to material defects which are apparent on the face of the record; which are

---

[37] R153-55.
[38] Appellant's Op. Br., Ex. B.
[39] *Papaleo v. State*, 2006 WL 2194651, at *3 (Del. Super. Aug. 3, 2006) ("The appellate court does not consider a claim of ineffective assistance of counsel within the context of a direct appeal. . . . The usual procedure is to consider the issues which can be raised on direct appeal and then require the defendant to raise any ineffective assistance of counsel claims in a postconviction relief motion pursuant to Rule 61) (citing *Wing v. State*, 690 A.2d 291 (Del. 1996); *Duross v. State*, 494 A.2d 1265 (Del. 1985)).
[40] *Deputy*, 1998 WL 700168, at *2.
[41] *Id.*
[42] *Id.* (citing *Dutton v. State*, 452 A.2d 127, 146 (Del. 1986)).

6

basic, serious and fundamental in their character, and which clearly deprive an accused of a substantial right, or which clearly show manifest injustice."[43]  Where the issue is not waived, the Court "must determine whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[44]

(8)   Because Counsel moved to dismiss the Criminal Trespass Third Degree charge at trial, the argument is not waived and the Court reviews whether any rational trier of fact could have found the essential elements of Criminal Trespass Third Degree beyond a reasonable doubt.  A conviction of Criminal Trespass Third Degree requires proof that Newton knowingly entered or remained unlawfully upon real property – here, BJ's.[45]  The jury heard testimony that both the assistant manager and Corporal Snook told Newton to leave several times, yet Newton refused to do so.  The jury also heard Newton's own admission that she knew she did not have a valid BJ's membership as the store policy requires.  Although Newton testified that she was not told to leave, and in her brief argues that Corporal Snook's testimony was inaccurate, the jury is the sole judge a witness' credibility and is responsible for resolving conflicts in the testimony.[46]   Viewing this evidence in a light most

---

[43] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).
[44] *DeRose v. State*, 2016 WL 153391, at *2 (Del. Super. Jan. 8, 2016) (citing *Poon v. State*, 880 A.2d 236, 238 (Del. 2005)).
[45] *See* 11 *Del. C.* § 821.
[46] *Tyre v. State*, 412 A.2d 326, 330 (Del. 1980).

favorable to the prosecution, a rational trier of fact could have found the essential elements of Criminal Trespass Third Degree beyond a reasonable doubt.

(9) Because Counsel did not move to dismiss the charges of Resisting Arrest and Disorderly Conduct, the Court reviews Newton's claim as to those charges only for plain error. A conviction of Resisting Arrest requires proof that Newton intentionally prevented or attempted to prevent Corporal Snook from effecting the arrest.[47] Here, the trial record reflects that when Corporal Snook attempted to arrest Newton, she grabbed a shelf and braced her body, pulled away from him and attempted to flee, held her wrists out to avoid being handcuffed, and wrapped her leg around a pole as he was escorting her out. Surveillance footage corroborated the testimony. Although Newton testified that she was not trying to flee and was in fear when Corporal Snook sat on top of her to arrest her, as the sole judge of a witness' credibility, the jury could find her testimony not credible. Given the evidence, a jury could find that Newton knew Corporal Snook was attempting to arrest her and that she intentionally resisted his efforts. Because there is sufficient evidence to support Newton's conviction of Resisting Arrest, no plain error exists. Additionally, a conviction of Disorderly Conduct requires proof that Newton intentionally caused public inconvenience, annoyance, or alarm or created a risk

---

[47] *See* 11 *Del. C.* § 1257(b).

thereof by engaging in fighting behavior.[48]  Here, the trial record reflects that Newton was yelling profanities, refused to comply with Corporal Snook's commands, and continued to cause a scene during the arrest.  Newton herself said she had a disagreement with the assistant manager and "probably" called her an obscene name.[49]  Although she testified that she was not asked to leave and did not attempt to run, as the sole judge of her credibility, the jury could find that testimony lacked credibility.  Given the evidence, a jury could find that Newton intentionally caused public inconvenience by engaging in fighting behavior such as yelling, cursing, insulting, and resisting arrest.  Because there is sufficient evidence to support Newton's conviction of Disorderly Conduct, no plain error exists.

(10)  Upon careful review of the record, the Court determines that Newton's appeal is wholly without merit and devoid of any arguably appealable issue.  Moreover, the Court is satisfied that Counsel made a conscientious effort to examine the record and properly determined that no arguably appealable claims existed.

**NOW, THEREFORE, IT IS ORDERED** that the judgment of the Court of Common Pleas is **AFFIRMED**.  Counsel's Motion to Withdraw and Newton's Motion to Proceed *Pro Se*[50] are **MOOT**.

---

[48] *See* 11 *Del. C.* § 1301(1)(a).
[49] *See* R125-26.
[50] Mot. to Proceed *Pro* Se, D.I. 19.

/s/ Jan R. Jurden
Jan R. Jurden, President Judge

Original to Prothonotary

cc:  Abigail Rodgers, Esq.
     Elizabeth M. Jaconi, Esq.
     Cassandra Newton

10