## Jefferson v. Hallas

C.P. of Montgomery County, no. 94-23256.

*Jay Richard Levenberg*, for plaintiff.
*Andrew J. Kramer*, for defendant.

LOWE, *S.J.*, August 5, 1997—

## FACTS AND PROCEDURAL HISTORY

Plaintiff Theresa Jefferson initiated this action by complaint on December 7, 1994 to recover damages

allegedly sustained in a motor vehicle accident. Specifically, plaintiff claims that on August 10, 1993, while acting as an agent for and operating the vehicle of defendant George Pocock, defendant Mark Hallas drove in such a negligent manner as to cause a collision with the vehicle operated by herself.

On May 3, 1996, a board of arbitrators found in favor of plaintiff and against defendants in the amount of $30,000; following said award, defendants filed an appeal, and a jury trial was held before the undersigned on February 12 and 13, 1997. At trial, the parties stipulated to the fact that plaintiff had selected the limited tort option at the time she purchased her automobile insurance policy, and thus, in order for her to recover noneconomic losses, she would have to prove that she suffered a permanent, serious disfigurement.

Plaintiff's case consisted of her own testimony, as well as the testimony of her treating physician, Peter P. Giammanco D.O., and defendants presented the testimony of defendant Mark Hallas and another treating physician of the plaintiff, Gwendolyn J. Liang M.D. After hearing all of the evidence and the charge by the court, the jury returned a verdict in favor of the plaintiff and against defendants in the amount $57,500.

Thereafter, on February 24, 1997, defendants filed post-trial motions requesting either a new trial or a judgment n.o.v., and, following oral argument thereon, said motions were denied in an order dated April 28, 1997. On the same date, this court entered another order granting plaintiff's petition for delay damages and molding the verdict accordingly.

On May 27, 1997, defendants filed a notice of appeal from the order denying their post-trial motion, and in a concise statement of matters complained of on appeal, raised the following issues:

(1) Whether the trial court erred by denying defendants' request for a directed verdict.

(2) Whether the trial court erred by instructing the jury that they could consider compensating the plaintiff for embarrassment and humiliation.

(3) Whether the trial court erred by denying defendants' request that a special interrogatory be added to the verdict sheet.

(4) Whether the trial court erred by not allowing defendants to explain to the jury the plaintiff's selection of limited tort.

## DISCUSSION

### I. *The Trial Court Properly Denied Defendants' Motion for Judgment n.o.v. As There Is Sufficient Evidence To Sustain the Jury's Verdict*

A judgment n.o.v. may be granted only in clear cases where, viewing the evidence in a light most favorable to the verdict winner and granting the verdict winner every reasonable inference, there is insufficient evidence to sustain the verdict. *Sundlun v. Shoemaker,* 421 Pa. Super. 353, 358, 617 A.2d 1330, 1333 (1992). Instantly, as stipulated by the parties, plaintiff was required to prove that she sustained a serious, permanent disfigurement in order for her to recover noneconomic losses. As the verdict plainly indicates, the jury found that plaintiff met this burden.

Upon reviewing the record in a light most favorable to the plaintiff and granting plaintiff every reasonable inference, there is clearly sufficient evidence to sustain the jury's verdict, and accordingly, defendants' motion for judgment n.o.v. was properly denied by this court. Specifically, evidence indicating that plaintiff's injury resulted in serious, permanent disfigurement included

testimony of plaintiff as well as the testimony of two of her treating physicians.

Plaintiff herself testified that, as a result of the accident which totaled her pickup truck, she sustained injuries to her left shoulder, her low back, and her right eye; she also stated that she suffered from intermittent headaches in addition to some phobia about driving a motor vehicle. Plaintiff underwent four months of physical therapy for her shoulder and back, and consulted with a psychologist with regard to her driving phobia. Plaintiff testified that her most serious injury was the laceration to her right eyelid, which required the services of a plastic surgeon.

In a videotaped deposition which was presented to the jury, Dr. Giammanco testified within a reasonable degree of medical certainty that the laceration sustained in the accident caused permanent scarring to plaintiff's eyelid. He also stated that the accident caused plaintiff to suffer from a permanent condition known as ptosis, or drooping of her right eyelid. Dr. Liang, the physician called by defendants, similarly testified, via videotaped deposition, that the scar on plaintiff's eyelid was permanent, and she agreed with Dr. Giammanco's finding that plaintiff's condition of ptosis was permanent as well. Dr. Liang further stated that ptosis can obstruct one's vision, give one an unnatural appearance, and affect the ability to perform one's job.

Based upon this same evidence, it is clear that defendants' argument that this court erred by not granting their motion for a directed verdict must also fail. A trial court may enter a directed verdict only where the evidence clearly and unambiguously supports a judgment in favor of the moving party. *Pennsylvania Human Relations Commission v. School District of Philadelphia,* 681 A.2d 1366 (Pa. Commw. 1996). As the above

facts indicate, such was not the situation in the instant case.

## II. *The Trial Court Properly Denied Defendants' Motion for a New Trial As the Jury's Verdict Was Not Against the Weight of the Evidence*

A trial court may grant a new trial only when the jury's verdict is so contrary to the evidence that it "shocks one's sense of justice." *Neison v. Hines,* 539 Pa. 516, 520, 653 A.2d 634, 636 (1995) (citing *Kiser v. Schulte,* 538 Pa. 219, 225, 648 A.2d 1, 4 (1994); *Burrell v. Philadelphia Electric Co.,* 438 Pa. 286, 289, 265 A.2d 516, 518 (1970)). Noting plaintiff's burden of proof in addition to the evidence discussed above, it is clear that a jury could properly return a verdict in plaintiff's favor, and that such a verdict would certainly not "shock one's sense of justice."

One argument made by the defendants in their motion for a new trial and in the instant appeal is that the court erred by instructing the jury that, *if they found that plaintiff had met her burden of proof,* they could consider awarding her compensation for embarrassment and humiliation. Defendants maintain that there was no trial testimony to support that particular point for charge. We disagree. In addition to medical testimony that ptosis causes one's eyelids to look asymmetrical and gives one an unnatural appearance, plaintiff specifically testified that the "drooping and extra sag of skin in the corner" of her right eye make her feel "uncomfortable" and worry about how she's being viewed by others. Such testimony provides direct support for this court's charge on embarrassment and humiliation.

Another argument raised by the defendants is that this court improperly denied their request for a special interrogatory to be added to the standard jury verdict

sheet. Specifically, defendant claims that a question should have been added to the verdict sheet asking whether the plaintiff had, in fact, met her burden of proof, *i.e.,* that she suffered a permanent, serious disfigurement. As support for their argument that such an interrogatory was essential, defendants cite *Century 21 Heritage Realty v. Bair,* 386 Pa. Super. 373, 563 A.2d 114 (1989), a case clearly distinguishable from that at bar. In *Century 21 Heritage Realty,* the Superior Court of Pennsylvania found that in light of the fact that the trial judge had provided erroneous instructions to the jury, it was error for the trial court to deny the appellant's request for special interrogatories "which if given would have eliminated any confusion" that was created by the jury instructions.

In the instant case, it was not error for the court to deny defendants' request for a special interrogatory as such an interrogatory was not necessary to eliminate confusion, but would merely have restated in question form plaintiff's burden of proof, which burden was emphasized by defendants' counsel throughout the trial, and which was specifically articulated by the trial judge in his charge to the jury.

Finally, defendants claim that it was error for this court not to permit defendants' counsel to inquire into the plaintiff's selection of limited tort. In response to this argument, this court merely notes that such inquires would have been irrelevant to this case as there was no dispute that plaintiff had selected the limited tort option in her automobile insurance policy, a fact which the parties stipulated to prior to trial. Accordingly, there was also no dispute as to the burden of proof which plaintiff had to meet in order to recover noneconomic losses in this case, and, as stated above, this burden of proof was thoroughly explained to the jury by defendants' counsel as well as by the undersigned.

For all of the foregoing reasons, defendants' appeal is without merit, and this court's order of April 28, 1997, denying their motion for post-trial relief, should be affirmed.