**Cook v. Walsh**

C.P. of Lackawanna County, no. 98 CV 1694.

*Gary Solomon,* for the plaintiffs.
*David E. Heisler,* for defendant.

CORBETT, *J.,* November 3, 2000—Before the court is a post-trial motion by the plaintiffs for a new trial. On June 5 and 6, 2000, we held a jury trial in this matter. At the close of testimony, this court directed a verdict as to negligence and causation in favor of the plaintiffs and submitted the issue of monetary damages to the jury.

Despite the uncontroverted testimony from the medical experts for both parties, that plaintiff suffered an injury as a result of the accident, the jury awarded zero damages. Thereafter, this court dismissed the jury and instructed plaintiffs to file a post-trial motion requesting a new trial. This court informed both parties that we would be inclined to grant the motion given the verdict which was contrary to the evidence and the law.

On or about June 14, 2000, the plaintiffs timely filed their post-trial motion. By letter dated July 13, 2000, the court administrator set August 31, 2000, for the argument date. That date was rescheduled to October 16, 2000 wherein this court heard oral argument. At the oral argument we affirmatively granted the post-trial motion for a new trial and asked counsel whether or not they desired an opinion. Mr. Heisler requested an opinion which this court thereby undertook. Thereafter, on October 23, 2000, counsel for the defendant, David Heisler, Esquire, filed a "praecipe for entry of judgment" pursuant to Pa.R.C.P. 227.4(b). On that same day the clerk of judicial records entered judgment pursuant to the praecipe. Upon learning of this maneuver, this court filed an order striking the judgment. This court stated we had already ruled and made the parties aware that our decision was to grant the post-trial motion and award plaintiff a new trial. Counsel for defendant, David Heisler's, use of Pa.R.C.P. 227.4 was a disingenuous attempt to circumvent this court's verbal ruling.

Additionally, this calculated move on Mr. Heisler's part was nothing more than form over substance as he was aware of this court's ruling and therefore was aware that no post-trial motions were outstanding or undecided.

Although due to scheduling this court did not have a chance to file our decision of record within the allotted 120 days, at the time of defendant's filing of the praecipe, Mr. Heisler was aware of this court's verbal ruling.

Rule 227.4(1)(b) provides: "the prothonotary shall, upon praecipe of a party: (1) enter judgment upon the verdict of a jury . . . if (b) one or more timely post-trial motions are filed and the court does not enter an order disposing of all motions within 120 days after the filing of the first motion. . . ."

In the "explanatory comment" it provides that the "rule is optional with the parties." This rule was designed to give either party the ability to move the case along. In the matter before this court, both parties were aware that we were in the process of entering an opinion and order confirming our granting of a new trial. Therefore, this court will not tolerate, nor allow David Heisler, defense counsel, to side step our judgments by an incorrect interpretation of a rule of civil procedure. Further, inasmuch as this court's verbal ruling predated the filing of the praecipe to enter judgment, the same should be deemed moot.

As to this court's grant of a new trial for the plaintiff we note the following. It is well settled that in reviewing an order to grant a new trial, a reviewing court is limited to determining whether the trial court abused its discretion or committed an error of law. *Neison v. Hines,* 539 Pa. 516, 520, 653 A.2d 634, 636 (1995). "A trial court may only grant a new trial when the jury's verdict is so contrary to the evidence that it 'shocks one's sense of justice.' " *Id.*

In the instant matter, this court finds that the jury's verdict was so contrary to the evidence that it shocks one's sense of justice. At trial this court directed a verdict on negligence and causation, leaving to the jury the amount of monetary damages to be awarded to the plaintiff. During testimony, not only did plaintiff's expert testify as to plaintiff's injuries, but also, defendant's own expert conceded that some of the plaintiff's injuries were attributable to the accident. "Since there was uncontroverted evidence that plaintiff was injured in the accident and that these injuries were the type one normally associates with pain and suffering, the jury's refusal to award any damages to plaintiff 'shocks one's sense of justice' and thus the granting of a new trial is warranted." *Ricca v. Jackson,* no. 96-05145-17-2 (Bucks Cty. May 5, 2000) (citing *Neison, supra*). (other internal citations omitted) "It is impermissible for a jury, in a personal injury case, to disregard the uncontroverted testimony from the experts for both parties that the plaintiff suffered some injury as a result of the accident in question." *Mano v. Madden,* 738 A.2d 493, 497 (Pa. Super. 1999). (internal citation omitted) Therefore, plaintiffs' post-trial motion requesting a new trial in the matter before this court is granted. An appropriate order to follow.

## ORDER

And now, November 3, 2000, it is hereby ordered and decreed, consistent with the foregoing opinion that the plaintiffs' motion for a new trial is granted.