**Lisa OLECHNA; Robert Olechna, her husband Appellants,**

v.

**Jennifer Ann DINOIA; American Red Cross.**

No. 01–2409.

United States Court of Appeals, Third Circuit.

Submitted April 9, 2002.

Decided April 12, 2002.

Before McKEE, BARRY, and ALARCON,* Circuit Judges.

## OPINION

BARRY, Circuit Judge.

We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291. Plaintiff Lisa Olechna filed a civil suit against Jennifer Ann Dinoia and the American Red Cross, Ms. Dinoia's employer. Olechna alleged that Dinoia negligently injured her in a motor vehicle accident.[1] Defendants conceded negligence, and the case was submitted to a jury on the sole issue of damages. Olechna was dissatisfied with the amount the jury awarded her and, consequently, she moved for a new trial pursuant to Federal Rule of Civil Procedure 59. Olechna argued, *inter alia,* that the verdict was contrary to the weight of the evidence. The District Court denied the motion, holding that "[t]here is nothing to suggest that the verdict was against the weight of the evidence or that it resulted in a 'miscarriage of justice.'" App. at 9. We agree, and will affirm.[2]

We review the District Court's decision "whether to grant a new trial on the basis that the verdict was against the weight of the evidence for abuse of discretion." *Greenleaf v. Garlock, Inc.,* 174 F.3d 352, 365 (3d. Cir.1999). "'The authority to grant a new trial ... is confided almost entirely to the exercise of discretion on the part of the trial court,' and will only be disturbed if the district court abused that discretion." *American Bearing Co. v. Litton Industries,* 729 F.2d 943, 948 (3d Cir. 1984) (quoting *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 36, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980)). We have noted that "[s]uch deference is peculiarly appropriate in reviewing a ruling ... [regarding] the weight of the evidence because the district court was able to observe the witnesses and follow the trial in a way that we cannot replicate by reviewing a cold record." *Roebuck v. Drexel University,* 852 F.2d 715, 735 (3d Cir.1988). We will, in our review, be guided by the foregoing principles.

"[N]ew trials because the verdict is against the weight of the evidence are proper only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks our conscience." *Williamson v. Consolidated Rail Corp.,* 926 F.2d 1344, 1353 (3d Cir.1991). Here, Ms. Dinoia's negligence caused Ms. Olechna to suffer a cervical and lumbar sprain. Since the accident, Olechna claims that she has endured substantial physical pain. She received extensive chiropractic treatment— 147 times between July 1998 and sometime in 2000—and received hydrotherapy rehabilitation 87 times during that period. The unpaid chiropractor bill totals $19,596.10. Some expert testimony in the case indicated that such extensive treatment may have

---

* The Honorable Arthur L. Alarcon, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

1. In *American National Red Cross v. S.G.,* 505 U.S. 247, 112 S.Ct. 2465, 120 L.Ed.2d 201 (1992), the Supreme Court held that the "sue and be sued" provision in the charter of the American Red Cross "conferred original federal jurisdiction over suits involving the organization." *Id.* at 249.

2. Ms. Olechna's husband, Robert Olechna, was also a named plaintiff in this suit, seeking damages for loss of consortium. The jury did not award him damages and although he filed a notice of appeal, he has not pressed that appeal.

been necessary. Other expert testimony indicated that chiropractic treatment was only necessary for four to six weeks and that there was no objective basis for Olechna's continued pain. The jury awarded Olechna $2,535.00 for past wage loss, no damages for future wage loss, and $19,943.50 for all other damages. The verdict molded to delete the damages for past wage loss.

Ms. Olechna assumes that the jury awarded her the full $19,596.10 that she claimed for chiropractic expenses, leaving her with only $347.40 for her pain and suffering. She asserts that such a low amount for her pain and suffering "shocks one's sense of justice." Appellants' Br. at 22 (citing *Neison v. Hines*, 539 Pa. 516, 653 A.2d 634, 636 (1995)).[3] The District Court, which, we note, questioned Olechna's credibility, concluded, however, that "[t]he jury could have easily determined [that] the costs of 'reasonable' chiropractic treatment [were] for the time period of four to six weeks," which would result in less than $2,000.00 allocated for chiropractic expenses --- the remainder of the award going to pain and suffering. App. at 8. We find nothing in the record to indicate otherwise and, accordingly, hold that the District Court did not abuse its discretion.

In the alternative, Ms. Olechna argues that "even if a sum greater than $347.40 can be attributable to [Olechna's] pain and suffering, the $19,943.50 verdict

bears no relation to the loss suffered" and, consequently, is "against the weight of the evidence." Appellants' Br. at 20–21. We disagree. After carefully reviewing the record, we find that the jury's verdict was reasonable and that the District Court did not abuse its discretion in concluding that that was so. In sum, nothing suggests that the verdict was against the weight of the evidence, or that it resulted in a miscarriage of justice.

For the foregoing reasons, we will affirm the order of the District Court denying a new trial.

---

**3.** On appeal, Ms. Olechna relies almost exclusively on Pennsylvania case law. It is well-settled, however, that the denial of a new trial under Federal Rule of Civil Procedure 59 is a matter of procedure governed by federal law and not state law. *Gebhardt v. Wilson Freight Forwarding Co.*, 348 F.2d 129, 133 (3d Cir. 1965); Charles Alan, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2802; *see also Hanna v. Plumer*, 380 U.S. 460, 465, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965) (referring to *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)).

Her error is of no real consequence here, however, given that the standard for denying a new trial under Pennsylvania law is substantially similar to the standard under federal law. For example, to order a new trial under Pennsylvania law, the jury's verdict must "shock[] one's sense of justice." *Neison*, 653 A.2d at 636. Under our case law, the jury's verdict must similarly "shock[] our conscience." *Williamson*, 926 F.2d at 1353.