J-A05017-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| EMELINE COLON, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| NEIL S. RAPOPORT, D.P.M., DAVID GELTZER, D.P.M., PHILADELPHIA PODIATRY ASSOCIATES, | |
| Appellee | No. 2118 EDA 2014 |

Appeal from the Judgment entered June 13, 2014,
in the Court of Common Pleas of Philadelphia County,
Civil Division, at No(s): October Term 2011 No. 3984

BEFORE: GANTMAN, P.J., SHOGAN, and ALLEN, JJ.

MEMORANDUM BY ALLEN, J.:                     **FILED FEBRUARY 24, 2015**

Emeline Colon, ("Appellant"), appeals from the judgment entered in favor of Appellant and against Neil S. Rapoport, D.P.M., ("Doctor")[1], following the trial court's order denying Appellant's motion for post-trial relief seeking a new trial on damages or alternatively *additur*. We affirm.

The trial court set forth the factual and procedural background relative to this action as follows:

> [I]n June, 2010, [Appellant] elected to undergo a bunionectomy procedure by [Doctor]. She developed an infection in the pin tract which was treated by antibiotics, however, the pain and swelling continued. A bone biopsy confirmed in September, 2010 that ostemyelitis had developed.

---

[1] David Geltzer, D.P.M., and Philadelphia Podiatry Associates, are not involved in this appeal.

Following several surgeries on her right foot, [Appellant] lost part of her big toe. The big toe joint was fused.

In October, 2011, [Appellant] initiated this medical malpractice litigation against [Doctor] and his professional partner, David G. Geltzer, D.P.M. After a weeklong jury trial, on February 4, 2014, [Appellant] was awarded $81,500.00, against [Doctor] only. Dr. Geltzer was found not liable.

[Appellant] filed a Motion for Post-Trial Relief seeking a new trial limited to the issue of damages, or, in the alterative *additur*. The parties submitted memoranda of law and oral argument was held on June 11, 2014. [The trial court denied Appellant's] Motion for Post-Trial Relief[.] The unopposed Motion for Delay Damages [was] GRANTED. Judgment [was] entered in the amount of $85,865.27 in favor of [Appellant].

Trial Court Memorandum in Support of Order Denying Motion for New Trial and Granting Motion for Delay Damages, 6/13/14, at 1. Appellant filed a timely notice of appeal. The trial court did not direct Appellant to comply with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

1. Did the Trial Court abuse its discretion in refusing to grant a New Trial on the issue of damages because the uncontradicted evidence at trial clearly demonstrated that the amount of the verdict was inadequate and did not bear a reasonable relation to the undisputed costs of future medical bills or the losses suffered by [Appellant]?

2. Did the Trial Court abuse its discretion in refusing to grant a New Trial on damages in failing to find that the damage awarded was not intertwined with liability and the liability verdict is free from doubt?

3. Did the Trial Court abuse its discretion in refusing to grant an *Additur* to compensate [Appellant] for the shortfall in the damages award?

Appellant's Brief at 4.

- 2 -

In summarizing her argument, Appellant posits:

> [T]he uncontradicted evidence at trial was that [Appellant] incurred past medical expenses and faces substantial future medical costs, together which total $92,294, and suffers from permanent disability and disfigurement due to missing a large portion of her great toe. Despite these substantial economic and non-economic losses, the jury awarded a total award in the amount of $81,500 — over $10,000 less than the uncontradicted economic damages alone. Due to the inadequate award, [Appellant] seeks a new trial on the issue of damages only. The Verdict as to damages only should be set aside because: (1) the amount is inadequate; (2) it is not intertwined with the liability finding against [Doctor]; and (3) the liability finding is free from doubt.
>
> The Trial Court denied [Appellant's] Motion for Post-Trial Relief seeking a New Trial on the issue of damages. In so doing, the Trial Court abused its discretion because it ignored the uncontradicted evidence of medical costs and pain and suffering, improperly relied on and mischaracterized the trial testimony and failed to analyze the Verdict under the controlling precedential law.

Appellant's Brief at 11.

We will address Appellant's issues together. We recognize:

> [O]ur standard of review when faced with an appeal from the trial court's denial of a motion for a new trial is whether the trial court clearly and palpably committed an error of law that controlled the outcome of the case or constituted an abuse of discretion. In examining the evidence in the light most favorable to the verdict winner, to reverse the trial court, we must conclude that the verdict would change if another trial were granted.

***Schmidt v. Boardman***, 958 A.2d 498 (Pa. Super. 2008).

Further, we acknowledge that "[t]he decision of whether to grant a new trial is within the sound discretion of the trial court … [and] a new trial

is warranted where the jury's verdict is so contrary to the evidence as to shock one's sense of justice. However, a new trial should not be granted because of a mere conflict in testimony or because the trial judge, on the same facts, would have arrived at a different conclusion." ***Andrews v. Jackson***, 800 A.2d 959, 962 (Pa. Super. 2002) (internal citation omitted).

In denying Appellant's motion for a new trial on damages, the trial court cogently observed that "[t]his is not a case involving an award of no damages." Trial Court Memorandum, 6/13/14, at 2. The trial court explained:

> A review of the itemized Verdict Sheet and the responses to the Special Interrogatories makes it clear that the jury understood the serious and permanent nature of [Appellant's] situation, however, the jury was not persuaded that she plans to undergo future surgeries or related physical therapy. []
>
> The parties stipulated that the reasonable value of [Appellant's] past medical surgeries was $21,794.00. The jury awarded $23,000.00 to [Appellant] for Past Medical Expenses.
>
> Dr. Steven F. Boc, [Appellant's] treating podiatrist, testified that the one-time cost for a future surgery would be a $15,000.00 hospital fee and a $7,500.00 surgical fee. January 29, 2014, N.T. 104. He went on to explain his patient's concerns about whether to endure the procedures in the future at N.T. 105-106:
>
> > [Appellant's] Counsel: Now, the surgery that has been given as an option, when you and [Appellant] had many a heart to heart conversation, what was the feeling of [Appellant] as far as having it?
> >
> > Dr. Boc: I mean, trepidation is a good word, and some fear, she recognizes that if we go back in and we do grafting and things like that, and we fail, or it gets reinfected, then the amputation will be more likely than not, at this time. So, I think her fear is having to undergo

- 4 -

through -- undergo more surgery, still risk potential complications, every surgery has complications, obviously, but even more so in a case like hers, and a risk factor that could lead to her still developing the need for an amputation.

[Appellant's] Counsel: Reasonable fear, going into that surgery?

Dr. Boc: Yes, it is.

[Appellant] shared with the jury her "trepidation" and concerns about future surgeries when she testified on January 30, 2014, N.T. 57-60:

[Appellant's] Counsel: And did you ever -- you mentioned before, and you got ahead of me because you're quicker, about whether or not you're better, or you need further surgery, and I want to talk to you about that.

[Appellant]: Okay.

[Appellant's] Counsel: And what's your understanding as far as what your surgical options, or treatment options are at this point.

[Appellant]: He wants to remove a bone from my hip to put it on my toe, if it will work, and it will take, because the bone that they gave me from the [cadaver] did not take. . .

[Appellant's] Counsel: Now, what's your feeling, you said they take a bone from your hip. What are you thinking, as far as having that surgery? Have you ever scheduled it? Are you going to have it? Tell us.

[Appellant]: We scheduled it twice, but I backed off, I am scared. I don't want to get it done.

[Appellant's] Counsel: And you say you don't want to get it done. Do you anticipate a time where you might, or what's your thinking as far as having it?

[Appellant]: I know eventually I am going to have to get it done. But right now I really don't think I want to go through all that I went through. My son needs me.

[Appellant's] Counsel: And you say eventually you're going to have to get it done.

[Appellant]: Yes.

[Appellant's] Counsel: Do you have any specific plans, or tell us what you mean by eventually?

[Appellant]: Dr. Boc said that I am going to have to eventually make up my mind and get it done, because it hurts. So, do I rather go through the whole rest of my life with it in pain, or get the surgery done, and take the chance of even losing my length even more than what it is now.

The jury considered Dr. Boc's opinion that [Appellant] would need $1,500.00 per year for medical care and treatment in the future. They awarded $1,500.00 for each of the next five years (2014-2018). They also determined that treatments would continue, but at a lesser rate and awarded [Appellant] $500.00 per year for future medical expenses for twelve years thereafter (2019-2030). This Court is unable to conclude that the analysis was arbitrary or capricious. Rather, the per annum award reflects thoughtful consideration of [Appellant's] diminishing future medical economic losses.

[Appellant] has presented arithmetic formulas as a basis for her calculations that the award for non-economic damages is too low, as compared to the economic damage award. The Pennsylvania Supreme Court held many years ago that the particular amount of money expended on medical treatment is not probative of a plaintiff's pain and suffering. In Martin v. Soblotney, 466 A.2d 1022 (Pa. 1983) at 1025:

It is immediately apparent that there is no logical or experiential correlation between the monetary value of medical services required to treat a given injury and the quantum of pain and suffering endured as a result of that injury. First, the mere dollar amount assigned to medical services masks the difference in severity between various types of injuries. A very painful injury may be untreatable, or, on the other hand, may require simpler and less costly treatment than a less painful one. The same disparity in treatment may exist between different but equally painful injuries. Second, given identical injuries, the method or extent of treatment sought by the patient or prescribed by

- 6 -

the physician may vary from patient to patient and from physician to physician. Third, even where injury and treatment are identical, the reasonable value of that treatment may vary considerably depending upon the medical facility and community in which care is provided and the rates of physicians and other health care personnel involved. Finally, even given identical injuries, treatment and cost, the fact remains that pain is subjective and varies from individual to individual.

[Appellant] walks with a limp and she still has some pain. She no longer uses a walker. January 30, 2014, N.T. 87-88. She is mobile and drives a car. January 30, 2014, N.T. 63-65. The disfigurement and scarring is mitigated when [Appellant] wears a boot or shoes. This Court is unable to conclude that the award of $28,000.00 for non-economic damages is a beacon of injustice.

Trial Court Memorandum, 6/13/14, at 2-5. Based on our review of the record and applicable case law, we discern no abuse of discretion by the trial court.

Our agreement recognizes:

[I]t is within the province of the jury to assess the worth of the testimony, which it may then accept or reject. We agree that the jury is free to believe all, some or none of the testimony presented by a witness. However, this rule is tempered by the requirement that the verdict must not be a product of passion, prejudice, partiality, or corruption, or must bear some reasonable relation to the loss suffered [] as demonstrated by uncontroverted evidence presented at trial. The synthesis of these conflicting rules is that a jury is entitled to reject any and all evidence up until the point at which the verdict is so disproportionate to the uncontested evidence as to defy common sense and logic.

*Neison v. Heimes,* 653 A.2d 634, 636-37 (Pa. 1995) (internal citations omitted). Our careful scrutiny of the record does not reflect that the jury's verdict is "so disproportionate to the uncontested evidence as to defy

common sense and logic." ***Id.*** Further, to the extent that Appellant's argument requires an impermissible re-weighing of the testimony adduced at trial, we decline to do so. ***Brown v. Progressive Insurance Co.***, 860 A.2d 493, 497 (Pa. Super. 2004) (internal citation omitted) ("Concerning questions of credibility and weight accorded evidence at trial, we will not substitute our judgment for that of the finder of fact.").

Instantly, in answering Question 6 of the jury verdict sheet, the jury specifically awarded Appellant $30,500 dollars for "future medical and related expenses." ***See*** Jury Verdict Sheet, 2/4/14, at 2. This portion of the jury's award included a lump sum of $17,000 dollars, and an additional award of $13,500 dollars in an itemized year-by-year breakdown of future medical and related expenses: $1,500.00 for the years 2014-2018, $500.00 for the years 2019-2030, and $0.00 for the years 2031-2039. ***Id.*** The award of $30,500 dollars for future medical and related expenses is not significantly disparate from the cost of $22,500 dollars covering the hospital and surgical fees Appellant's expert testified Appellant may incur if Appellant chooses to undergo another surgery - a choice which, as the trial court explained above, is not a foregone conclusion. ***See*** N.T., 1/29/14, at 104; ***see also*** Trial Court Memorandum, 6/13/14, at 1-2. Moreover, we recognize that the jury awarded Appellant additional sums for future pain and suffering, future embarrassment and humiliation, and future loss of enjoyment of life's pleasures, which were "lump[ed]" with the past and present damages for those losses. ***See*** Jury Verdict Sheet, 2/4/14, at 2.

Therefore, contrary to Appellant's argument, we find that the jury's verdict is adequate, that is bears a reasonable relation to the evidence, and that it is intertwined with the liability determination against Doctor. Accordingly, the trial court did not err in denying Appellant a new trial on damages, or alternatively in denying Appellant's motion for *additur*. ***Majczyk v. Oesh,*** 789 A.2d 717, 726 (Pa. Super. 2001) (internal citations omitted) ("[T]he determination of what is a compensable injury is uniquely within the purview of the jury," as is the amount of damages that a jury will award, if any, for the same.). We affirm the judgment which the trial court entered consistent with its order denying Appellant's post-trial motion.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/24/2015