**Ashli R. KRANER, Appellant,**

v.

**Barbara A. KRANER, Executrix of the Estate of Henry C. Kraner, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 1, 2003.

Filed Jan. 13, 2004.

Richard J. Schubert, Pittsburgh, for appellant.

Kathleen A. Segmiller, Pittsburgh, for appellee.

Before: JOYCE, BENDER and POPOVICH, JJ.

OPINION BY POPOVICH, J.:

¶ 1 Appellant Ashli R. Kraner appeals from the judgment of October 31, 2002, entered in the Lawrence County Court of Common Pleas, following a jury verdict entered on June 21, 2002, in favor of Appellee Barbara A. Kraner, Executrix of the Estate of Henry C. Kraner.[1] Appellant claims that she is entitled to a new trial because the jury failed to award any damages for injuries she sustained as a result of a motor vehicle accident. We agree and remand for a new trial as to damages.

¶ 2 On August 23, 1998, Appellant was sitting in the passenger seat of a vehicle being driven by Henry C. Kraner (Grandfather). When Grandfather attempted to start his vehicle, he turned the ignition, placed the vehicle in reverse, and applied the gas pedal. The gas pedal became stuck at full throttle, which caused the vehicle to travel in reverse at a high rate of speed until it ran into a tree and ultimately came to a stop. Appellant sustained injuries as a result of the accident and, therefore, filed a complaint sounding in negligence against Grandfather.

¶ 3 Following a jury trial held on June 19, 2002, through June 21, 2002, the jury found Grandfather negligent in the collision but determined his negligence was not a substantial factor in bringing about Appellant's injuries. The jury also declined to award Appellant damages for her injuries. The trial court immediately recognized an inconsistency within this verdict and called a sidebar to discuss the issue of the inconsistent verdict with counsel. The sidebar concluded with the parties' understanding that Appellant would file a posttrial motion objecting to the inconsistent verdict.

---

1. Henry C. Kraner was the original defendant in this case but died on November 28, 2001, from causes unrelated to this suit. After Mr. Kraner's death, his wife, Barbara A. Kraner, was substituted as a party in accordance with Pa.R.C.P. 2352.

¶ 4 Post-trial motions were filed by both parties. Appellant sought relief requesting a new trial as to damages only. Appellee filed a motion requesting that, if the trial court granted Appellant's motion for a new trial, both the issues of liability and damages be retried. The trial court did not rule on these post-trial motions within 120 days as mandated by Pa.R.C.P. 227.4(1)(b).[2] Consequently, the post-trial motions were deemed denied by operation of law because they were not decided within 120 days from which the first post-trial motion was filed. Appellee then filed a praecipe to enter judgment pursuant to Pa.R.C.P. 227.4(1)(b) on October 31, 2002, and a judgment in favor of Appellee was entered that same day. Appellant filed this timely appeal on November 18, 2002. The trial court filed an opinion, although it did not order Appellant to file a Pa.R.A.P. 1925(b) statement.

■ ¶ 5 On appeal, Appellant presents the following questions for our review:

1. Was the verdict against the law and evidence inasmuch as expert medical witnesses for both parties agreed that [Appellant] sustained at least some injury in the collision requiring the court to grant a new trial on the issue of damages alone? [3]

2. Was the verdict of the jury inadequate as a matter of law inasmuch as expert medical witnesses on behalf of both parties agreed that [Appellant] suffered injuries as a result of the collision?

3. Did the trial court err in adding synonyms such as "significant factor," "largely responsible," "material factor," and "essential factor" to the jury charge on legal cause such that the jury imposed a greater burden on [Appellant] to establish the nature and extent of her injuries?

Appellant's brief, at 8 (questions renumbered).

¶ 6 Appellant's first and second issues present essentially the same argument. Appellant contends that a new trial as to damages alone should be granted because the jury verdict rendered was against the weight of the evidence in that both parties' medical experts agreed Appellant sustained injuries arising out of the accident.

■ ¶ 7 When a trial court denies a motion for a new trial, our standard of review is to decide whether the trial court committed an error of law which controlled the outcome of the case or committed an abuse of discretion. *Cangemi v. Cone*, 774 A.2d 1262, 1265 (Pa.Super.2001) (citations omitted). A new trial will be granted on the grounds that the verdict is against the weight of the evidence only where the verdict is so contrary to the evidence it shocks one's sense of justice. *Id.*, 774

2. We note that the trial court filed an order and opinion on November 6, 2002, granting Appellant's motion for post-trial relief in the form of a new trial as to damages only. While the trial court's opinion demonstrates its reasoning for granting Appellant's motion, the "granting" of the motion was nonetheless a legal nullity because the 120 day time period to rule on motions for post-trial relief expired. *See* Pa.R.C.P. 227.4(1)(b).

3. On appeal, Appellee argues that Appellant's claim that the jury verdict was against the weight of the evidence was waived for purposes of our review because Appellant did not object to the verdict before the trial court dismissed the jury. This argument is without merit because our Supreme Court has recently held that filing post-trial motions is the proper method for preserving weight of the evidence issues for appellate review. *See Criswell v. King*, 2003 WL 22400741, at *2–3, 2003 Pa. Lexis 1933, at *6–7 (filed October 21, 2003). Therefore, Appellant's claim that the jury verdict was against the weight of the evidence was preserved for our review by the filing of post-trial motions.

A.2d at 1265. A new trial will not be granted on the ground that the verdict was against the weight of the evidence simply because the evidence was conflicting and the fact-finder could have decided in favor of either party. *S.N.T. Industries, Inc. v. Geanopulos,* 363 Pa.Super. 97, 525 A.2d 736, 740 (1987).

¶ 8 In *Andrews v. Jackson,* 800 A.2d 959 (Pa.Super.2002), we stated:

> Where there is no dispute that the defendant is negligent and both parties' medical experts agree the accident caused some injury to the plaintiff, the jury may not find the defendant's negligence was not a substantial factor in bringing about at least some of plaintiff's injuries. Such a verdict is contrary to the weight of the evidence adduced at trial. In other words, "a jury is entitled to reject any and all evidence up until the point at which the verdict is so disproportionate to the uncontested evidence as to defy common sense and logic."

*Andrews,* 800 A.2d at 962 (citations and quotations omitted) (emphasis in original).

■■■■ ¶ 9 On the other hand, where both parties' medical experts differ on whether an alleged injury occurred, it is not against the weight of the evidence for a jury to find that an injury did not occur. *See Henery v. Shadle,* 443 Pa.Super. 331, 661 A.2d 439 (1995) (holding new trial was not warranted when jury declined to find defendant's negligence was substantial factor in causing plaintiff's injury where plaintiff's and defendant's medical experts disagreed that alleged injury occurred). The jury, in its role as fact-finder, is "free to believe all, some, or none of the testimony presented by a witness." *Neison v. Hines,* 539 Pa. 516, 520, 653 A.2d 634, 637 (1995). When each parties' medical experts disagree on whether or not an accident caused some injury to the plaintiff,

the jury can choose to credit the testimony of one expert and reject the testimony of the other expert. *Holland v. Zelnick,* 329 Pa.Super. 469, 478 A.2d 885 (1984) (holding where plaintiff's and defendant's medical experts' opinions differ, jury may reject testimony of one expert and accept testimony of other expert).

¶ 10 Furthermore, there are situations where both parties' medical experts agree that the plaintiff did suffer some injury and that the defendant's negligence was a substantial factor in causing the injury, but the jury ultimately determines that the plaintiff's injuries are not serious enough to award compensation. *See Majczyk v. Oesch,* 789 A.2d 717 (Pa.Super.2001). When this type of situation occurs, we have stated:

> . . . [T]he jury must find the accident was a substantial cause of at least some injury, where both parties medical experts agree the accident caused some injury. While the jury may then find the injuries caused by the accident were incidental or non-compensable and deny damages on that basis, the jury may not simply find the accident did not "cause" an injury, where both parties' medical experts have testified to the contrary.

*Andrews,* 800 A.2d at 964.

¶ 11 In the instant case, both parties' medical experts agreed that Appellant suffered some injury arising out of the accident. Videotapes of all three medical experts' depositions were shown to the jury during trial. Appellant's first medical expert testified that it was his opinion within a reasonable degree of medical certainty that the accident caused a bulging disk in Appellant's spine. N.T. Deposition of Parvitz Baghai, M.D., 5/30/02, at 8–9. Appellant's second medical expert testified that Appellant suffered injuries to her spine which included cervical segmental dysfunction, thoracic segmental dysfunction, lum-

bar segmental dysfunction, and cervicalgia. N.T. Deposition of Ryan D. Snyder, D.C., 6/5/02, at 11–12.

¶ 12 Appellee's medical expert refuted Appellant's claim that injuries arising out of the accident were still unresolved at time of trial. N.T. Deposition of Dr. James Cosgrove, 6/5/02, at 21. However, Appellee's expert did concede that Appellant suffered a sprain to her right wrist and a neck sprain from the accident. *Id.* at 21. The following question and answer occurred during Appellee's direct examination of Dr. Cosgrove:

Q: Okay. Doctor, in your opinion, within a reasonable degree of medical certainty, had [Appellant's] injuries from the motor vehicle accident of August 23rd, 1998[,] resolved?

A: In my opinion, they had.

Q: And what were those injuries?

A: As best as I can ascertain, she had a sprain to her right wrist and also a neck sprain, a whiplash type of injury.

N.T. Deposition of Dr. James Cosgrove, 6/5/02, at 21.

¶ 13 Because all three experts agreed that Appellant sustained some injury as a result of the motor vehicle accident, the jury erred when it disregarded the uncontroverted evidence of causation and found Grandfather's negligence was not a substantial factor in causing at least some of Appellant's injuries. *Andrews,* 800 A.2d at 965. The trial court recognized this and, after the jury rendered its verdict, the court called a sidebar with counsel to discuss the verdict. We agree with the trial court and find that jury's verdict was contrary to the weight of the evidence to such a degree that it shocks

our collective sense of justice. *Cangemi,* 774 A.2d at 1265. Therefore, the jury's verdict was against the weight of the evidence.

¶ 14 We turn now to whether a new trial should be ordered as to both liability and damages or to damages alone. Appellant requests that a new trial be held for determining damages alone and requests judgment *non obstate verdicto* (J.N.O.V.) be entered regarding Grandfather's liability.[4] Our standard of review when considering a motion for J.N.O.V. is as follows:

A J.N.O.V. can be entered upon two bases: (1) where the movant is entitled to judgment as a matter of law; and/or, (2) the evidence was such that no two reasonable minds could disagree that the verdict should have been rendered for the movant. When reviewing a trial court's denial of a motion for J.N.O.V., we must consider all the evidence admitted to decide if there was sufficient competent evidence to sustain the verdict.... Concerning any questions of law, our scope of review is plenary. Concerning questions of credibility and weight accorded the evidence at trial, we will not substitute our judgment for that of the finder of fact.... A J.N.O.V. should only be entered in a clear case. *Parker v. Howard S. Freilich,* 803 A.2d 738, 744 (Pa.Super.2002).

¶ 15 Here, the jury found Appellee negligent for causing the accident but also found Grandfather's negligence was not a substantial factor in causing Appellant's injuries. We find that no two reasonable minds could disagree that Grandfather's negligence caused Appellant's injury. As stated previously, all three medical expert

---

4. Appellee contends that if we remand this case for a new trial as to damages, we should also remand for a new trial to determine liability. But, for reasons herein, we remand this case for a new trial only as to damages.

witnesses agreed that Appellant sustained some injury as a result of the accident. N.T. Deposition of Parvitz Baghai, M.D., 5/30/02, at 8–9, N.T. Deposition of Ryan D. Snyder, D.C., 6/5/02, at 11–12, N.T. Deposition of Dr. James Cosgrove, 6/5/02, at 21. Furthermore, Grandfather admitted in his deposition that he did not first place his foot on the brake before shifting the car into reverse. N.T. Deposition of Henry C. Kraner, 7/30/02, at 12–13. Grandfather also testified that the accident caused Appellant to hit her right wrist on the dashboard, and her wrist pain was the first thing she mentioned when she exited the vehicle. *Id.* at 17–18. This testimonial evidence does not sustain a verdict finding Grandfather negligent, but his negligence was not a substantial factor in causing Appellant's injuries. The medical experts agreed that the accident caused Appellant to sustain injury and Grandfather also admitted that the accident injured Appellant. Therefore, the jury should have found Grandfather's negligence a substantial factor in injuring Appellant. Accordingly, we find that Appellant is entitled to J.N.O.V. to be entered in her favor on the issue of liability.

¶ 16 In addition to requiring J.N.O.V., a new trial as to damages alone will only be granted where: (1) the issue of damages is not "intertwined" with the issue of liability; and (2) where the issue of liability has been "fairly determined" or is "free from doubt." *Kiser v. Schulte,* 538 Pa. 219, 233, 648 A.2d 1, 8 (1994).

¶ 17 This is not a case where the issue of damages was intertwined with the issue of liability. Both Appellant and Appellee had a fair opportunity to litigate the issue of negligence. As stated earlier, Grandfather admitted in his deposition that Appellant complained of pain immediately after the accident. Additionally, each parties' medical experts agreed that the accident caused Appellant to sustain at least some injury. The jury verdict even showed a determination of Grandfather's negligence. It would be unfair to re-litigate the issue of liability when there is such a consensus as to Grandfather's negligence. Therefore, the issue of damages was not so intertwined with the liability issue that both issues have to be retried together.

¶ 18 Furthermore, the issue of Grandfather's liability had been fairly determined and was free from doubt. This verdict was not a "compromise verdict" where the jury, in doubt as to the defendant's negligence or plaintiff's contributory negligence, returned a verdict for the plaintiff but in a lesser amount than it would have returned had these questions been free from doubt. *Kiser,* at 233, 648 A.2d at 8 (*citing Stokan v. Turnbull,* 480 Pa. 71, 78, 389 A.2d 90, 93 (1978)). There were no allegations of Appellant's contributory negligence and was no doubt of Grandfather's negligence, as Grandfather conceded that his foot was not on the brake pedal when he shifted the car into reverse. This shows that Grandfather's liability has been fairly determined and is free from doubt. Both prongs of the *Kiser* test have been met, and, therefore, a new trial as to damages alone is proper.

¶ 19 Appellant next contends that the trial court erred in adding phrases such as "significant factor," "largely responsible," "material factor," and "essential factor" to the jury charge on legal causation. Based on our disposition of the preceding issues, we find it unnecessary to address the issue of the jury charge. *Smith v. Putter,* 832 A.2d 1094, 1101 (Pa.Super.2003).

¶ 20 For the above reasons, we reverse the judgment of the trial court with instructions to enter J.N.O.V. in favor of Appellant and remand the case for a new trial on the issues of damages alone.

¶ 21 Judgment reversed. Case remanded with instructions. Jurisdiction relinquished.