J-S31011-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MARGARET A. NYSTROM | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| COUNTRY FAIR, INC. | : | No. 1374 WDA 2018 |

Appeal from the Judgment Entered August 22, 2018
In the Court of Common Pleas of Warren County Civil Division at No(s):
No. 239 of 2016

BEFORE:  OLSON, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY OLSON, J.:                    **FILED OCTOBER 29, 2019**

Appellant, Margaret A. Nystrom, appeals *pro se* from the judgment entered in favor of Country Fair, Inc. ("Country Fair") on August 22, 2018, following a jury trial.  We affirm.

The trial court accurately summarized the factual background of this case as follows:

> On July 26, 2015, [] Appellant entered the ladies' room at the Country Fair located at 413 Penn Avenue in Warren, Pennsylvania. While washing her hands, the bathroom mirror collapsed off the wall and struck Appellant in the head.  Subsequently, Appellant [sued Country Fair] for negligence.  Appellant claimed [that Country Fair] failed to properly inspect the ladies room, and failed to implement a policy ensuring the mirrors were adequately secured to the wall.  Therefore, Appellant claimed [that] this failure to meet their duty of safety was an act of negligence [that] caused Appellant's injuries.  [Country Fair] claimed it had no prior knowledge of the defective mirror, and was therefore not negligent.
>
> Following trial, the [j]ury found [Country Fair] negligent, but not the factual [cause of] Appellant's injuries.  Therefore, Appellant

[could not recover].  Appellant filed a [m]otion [for] [post-t]rial
[r]elief, requesting a judgment notwithstanding the verdict
(JNOV), as well as [a motion for a new trial on] damages.
Following argument on the [m]otion[s], the [trial c]ourt denied
said [m]otion[s] and [entered the] [j]ury's verdict. [This timely
appeal followed.][1]

Trial Court Opinion, 10/17/18, at *1-2 (un-paginated) (footnote added).

On appeal, Appellant raises the following issues:

I.     Whether the jury was improperly instructed [which resulted]
       in confusion during [] deliberations and [entering the]
       verdict form?

II.    [Whether the jury's verdict was against the weight of the
       evidence?] [2]

Appellant's Brief at 6.

First, Appellant asserts – without specification - that the "jury was not

properly instructed and was confused with respect to the verdict form." **Id.**

at 21.[3]   Appellant's counsel, however, did not object to the proposed jury

_____

[1] Appellant filed a notice of appeal on September 21, 2018.  On September
25, 2018, the trial court filed an order directing Appellant to file a concise
statement of matters complained of on appeal pursuant to Pa.R.A.P.
1925(b)(1).  Appellant filed her Rule 1925(b) statement on October 16, 2018.
The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on October 17,
2018.

[2] We have rephrased Appellant's issue because, upon review, we conclude that
it is Appellant's contention that the jury's verdict finding Country Fair
negligent, but not the factual cause of Appellant's injuries, was against the
weight of the evidence.  **See** Appellant's Brief at 40.

[3] Appellant makes a general argument, but fails to specify which jury
instruction she considers improper.  Under Pa.R.A.P 2119, the failure to
develop an argument on appeal results in waiver.  Thus, we note that

instructions at the charging conference, which was held on the record. N.T. Trial, 7/12/18, at 365-366. Furthermore, after charging the jurors, the trial court asked if counsel had "any objection to [place] on the record to [the trial court's] final charge." N.T. Trial, 7/13/18, at 490. Appellant's counsel responded in the negative. *Id.* As such, Appellant waived her challenge to the trial court's instructions because of her counsel's failure to raise an objection thereto. *See Jones v. Ott*, 191 A.3d 782, 792 (Pa. 2018); Pa.R.A.P (302)(b) (requiring specific objection to portion of charge challenged on appeal).

Next, Appellant contends that the jury's verdict was against the weight of the evidence. Appellant's Brief at 40. Specifically, Appellant claims that her expert, Dr. Michael McCue, established that Country Fair's negligence was the factual cause of her injuries and, therefore, the jury's finding to the contrary should be set aside. *Id.* at 43. We disagree.

In reviewing Appellants' claim, the following principles govern our analysis.

> A new trial based on weight of the evidence issues will not be granted unless the verdict is so contrary to the evidence as to shock one's sense of justice; a mere conflict in testimony will not suffice as grounds for a new trial. Upon review, the test is not whether this Court would have reached the same result on the evidence presented, but, rather, after due consideration of the evidence found credible by the jury, and viewing the evidence in the light most favorable to the verdict winner, whether the court could reasonably have reached its conclusion. Our standard of

---

Appellant's first claim is subject to waiver since, arguably, she failed to adequately develop this issue on appeal.

review in denying a motion for a new trial is to decide whether the trial court committed an error of law which controlled the outcome of the case or committed an abuse of discretion.

We stress that if there is any support in the record for the trial court's decision to deny the appellant's motion for a new trial based on weight of the evidence, then we must affirm. An appellant is not entitled to a new trial where the evidence presented was conflicting and the fact-finder could have decided in favor of either party.

**Winschel v. Jain**, 925 A.2d 782, 788 (Pa. Super. 2007) (internal citations omitted).

At trial, Appellant's expert testified via recorded deposition. Per Appellant, Dr. McCue provided "overwhelming evidence" of her injuries and demonstrated that her injuries were the "direct result" of Country Fair's negligence. Appellant's Brief at 43. Upon review, however, we conclude that the evidence presented by Dr. McCue was "significantly contradict[ed]" by Country Fair's expert, Dr. James Petrick. Trial Court Opinion, 10/17/18, at *2 (un-paginated).

Appellant argued that the incident at Country Fair caused multiple injuries, including a "traumatic brain injury, post-concussion syndrome, speech difficulties, memory, hearing, and vision loss, along with spinal and muscle injuries." Trial Court Opinion, 10/17/18, at *2-3 (un-paginated). In support, Appellant relied upon Dr. McCue's expert opinion. Dr. McCue testified that the incident at Country Fair caused Appellant to suffer from post-concussive disorder. **Id.** at *3 (un-paginated). Dr. McCue based his diagnosis solely upon Appellant's "self-reported symptoms" at her evaluation.

*Id.* Additionally, Dr. McCue opined that the incident exacerbated Appellant's pre-existing somatic symptom disorder. *Id.* This disorder, per Dr. McCue, results in the physical "presentation of emotional symptoms" without a "clear medical explanation for where [the injuries] come from." N.T. Deposition of Michael McCue, 6/27/18, at 21. He based this diagnosis on Appellant's self-reported symptoms, as well as a review of her medical records. *Id.* at 22.

In contrast, Dr. James Petrick, Country Fair's medical expert, disagreed with Dr. McCue's diagnosis of Appellant. Indeed, Dr. Petrick opined that the incident at Country Fair did not cause Appellant to suffer from post-concussive disorder. Trial Court Opinion, 10/17/18, at *3 (un-paginated). He based his conclusion on the fact that Appellant's "reported symptoms were inconsistent with her diagnosis" and the "lack of objective testing to support [Dr. McCue's] conclusion." *Id.* Dr. Petrick, instead, claimed that Appellant "suffered from false beliefs and delusions." *Id.* He also offered other reasons for Appellant's symptoms, citing her several pre-existing conditions that included "migraines, syncopal episodes, obstructive sleep apnea, chest pain, hypertension, foot injury, abdominal pain, carpel tunnel syndrome, and GERD." *Id.* at *5 (un-paginated). All of which, per Dr. Petrick, are "similar to the symptoms Appellant claims are the direct result of the mirror injury." *Id.* Finally, while Dr. Petrick did agree with Dr. McCue's diagnosis that Appellant suffered from somatic symptom disorder, he asserted that it was impossible to conclude to

a reasonable degree of medical certainty that the incident exacerbated Appellant's condition. *Id.*

Thus, the two experts in this case provided conflicting testimony regarding the cause of Appellant's injuries. Accordingly, the jury, as the fact-finder, was "free to accept the testimony of one expert and reject the testimony of the other." ***Kraner v. Kraner***, 841 A.2d 141, 145 (Pa. Super. 2004), *quoting* ***Neison v. Hines***, 653 A.2d 634, 637 (Pa. 1995). Viewing the evidence in favor of Country Fair, the verdict winner, we conclude that the jury could reasonably have reached its conclusion and, as such, we discern no abuse of discretion on the part of the trial court. *Id.*

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/29/2019